WILLIAM J. KLINE & SON, INC., Appellant, v. STATE OF NEW YORK, Respondent.   (Claim No. 47894.)

Third Department, January 20, 1971.

*De Graff, Foy, Conway & Holt-Harris (John T. De Graff* and *John T. De Graff, Jr.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J.   This is an appeal from a judgment of the Court of Claims, entered December 22, 1969, which awarded claimant $141,820 plus interest for the taking of property in the City of Amsterdam.  The property was the site of the *Amster-*

*dam Evening Recorder,* a daily newspaper owned by appellant.

At appellant's request, respondent deferred appropriation for 18 months until February 16, 1967, thereby allowing time for the construction of a new plant and the moving of machinery and equipment. On March 1, 1967 the parties entered into a lease under which appellant was entitled to remain in possession of the premises for two months for the purpose of temporarily storing and ultimately disposing of machinery remaining on the premises. Appellant thereafter moved the majority of its equipment to the new plant, with the bulk of the remaining items being sold. Some equipment was given to a local high school and the rest remained at the old plant. Appellant was awarded $104,900 for land and buildings, which is unchallenged on appeal, and $36,920 for the machinery and equipment left at the plant. The trial court denied further recovery, holding that appellant's removal of such property without the consent of the State constituted an election to treat such items as noncompensable personal property.

This decision was made in accordance with the law as it existed at the time of the trial. In *Great Atlantic & Pacific Tea Co.* v. *State of New York* (22 N Y 2d 75) the Court of Appeals held that a claimant who removes and disposes of items from a condemned parcel without the State's consent or request indicates an election on his part to treat the items as personalty.

As to the evaluation of fixtures removed in accordance with the law, the accepted method was to determine the difference between the salvage value of the item and the present value in place (i.e., reproduction cost less depreciation).

Subsequent to the trial in this case, the Court of Appeals in *Rose* v. *State of New York* (24 N Y 2d 80) amplified and refined the rules covering the removal of fixtures. The Court of Appeals held (p. 88) that " the machinery, if removed or if it could be successfully removed, should be also valued by determining either the actual or contemplated costs of disassembling, trucking and reassembling the item at a new location. If the cost of removal is less than the difference between salvage value and present value in place, this is all the claimant is entitled to recover." The court further stated (pp. 88–89) that in the event " the property is moved, without notice to the State, the claimant will not be able to receive compensation for these structures as fixtures unless the State forced the premature removal of the property (*City of Buffalo* v. *Michael,* 16 N Y 2d 88 * * * . ) or the property can be clearly shown to have been a fixture at the time of removal (*Marraro* v. *State of New York,* 12 N Y 2d

285 \* \* \*; *Cooney Bros.* v. *State of New York,* 27 A D 2d 93 \* \* \* )."

In the light of these rules, let us examine the disposition of the property in the instant case. As to those items left in the old plant, the determination of the trial court should not be disturbed since the parties have accepted the sum awarded by the court.

As to the items sold by appellant, it seeks to have this court adopt a rule which would permit it to sell machinery and equipment, credit the State with the amount received (if less than the State's estimate) and obtain compensation for the same items. Such a rule would be unfair to the State. A sale by a claimant without approval by the State deprives the latter of an opportunity to insure a reasonable and fair resale price. Furthermore, it should be noted that under this theory, a claimant has no interest in receiving a high resale price since a higher price would only serve to reduce the amount of damages recoverable from the State. The determination as to the items sold by appellant should therefore not be disturbed. Nor is appellant entitled to relief for the items given to the high school. Having chosen to treat them as personalty, it is barred from further relief.

However, the situation is different as to the items moved to the new plant. Assuming that notice that the property was to be moved was given to the State, appellant is entitled to the lower of the following: the "cost of removal" (the actual or contemplated costs of disassembling, trucking and reassembling the item at a new location), and the difference between the salvage value and present value in place. If notice was not given, there should be no compensation, unless the State forced the premature removal of the property or the property can clearly be shown to have been fixtures at the time of removal.

Since this case was tried prior to the decision of the Court of Appeals in *Rose* v. *State of New York* (24 N Y 2d 80, *supra*), proof was not submitted as to removal costs. Since the policy as enunciated in *Rose* (*supra*) is to treat all parties fairly, a new hearing should be had so that a determination can be made regarding the items of property which were removed to the new location. (See *Matter of City of New York* [*Field's Baking Corp.*], 34 A D 2d 684.) The decision of the Judge of the Court of Claims was entirely correct as to the law and the facts as the law was stated at the time of the said decision, and that no proof was offered as to the items to which we are directing a new trial.

468

The judgment should be reversed, on the law and the facts, without costs, and a new trial ordered, limited to the question of damages, if any, for the machinery removed to the new location.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and COOKE, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and a new trial ordered, limited to the question of damages, if any, for the machinery removed to the new location.